## HEWES et al. v. DEICHES & CO.

(District Court, N. D. Illinois, E. D. August 31, 1926.)

### No. 3854.

I. Patents ⬅︎328.

Hewes patents, Nos. 1,419,137 and 1,481,839, for neckties, held invalid for want of invention.

2. Patents ⬅︎327—In view of more complete evidence of prior art, conclusion of other District Court, in infringement suit against other parties, that patent was valid, will not be followed under rule of comity.

District Court in patent infringement case will not, under rule of comity, disregard the record showing lack of invention, because another District Court, in suit against others, on less full and complete evidence as to prior art, held patent to be valid.

In Equity. Suit by James A. Hewes and another, partners as Hewes & Potter, against Deiches & Co., for infringement of patents. Nos. 1,419,137 and 1,481,837, for neckties, both issued to James A. Hewes, the first June 13, 1922, and the second January 29, 1924, and by him assigned to Hewes & Potter. Bill dismissed.

Jones, Addington, Ames & Seibold, of Chicago, Ill., Charles F. Perkins, of Boston, Mass., and A. A. Olson, of Chicago, Ill., for plaintiffs.

George E. Mueller, of Chicago, Ill., for defendant.

LINDLEY, District Judge. [1] After carefully considering the evidence and argument of respective counsel, the court is of the opinion that the patents in suit are invalid for want of invention, and that the product of plaintiff made in pursuance thereof represents merely the ordinary skill of the expe-

rienced worker in the art in making improvements, within the meaning of those words as defined in repeated decisions of the courts.

[2] Judge Thomas reached a different conclusion in Hewes v. Gay et al. (D. C.) 11 F. (2d) 165, but it seems manifest to the court, that, had the evidence as to the prior art there presented been of the full and complete character of that in the present record, he would have reached the same conclusion as that here announced. Consequently, following the rules governing comity as announced in Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 20 S. Ct. 708, 44 L. Ed. 856, this court should not disregard the record here, in order to reach the result arrived at upon a different state of facts, in a case where the parties were not the same as those now before the court.

There will be a decree dismissing the plaintiff's bill for want of equity, at plaintiff's costs.